IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY DAYE PATRICK, JR.,

    Plaintiff,

vs.

VERNON CAMPBELL, *in his individual capacity*, and CITY OF JOHNSTON CITY,

    Defendants.

Case No. 14-cv-321-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants City of Johnston City's ("Johnston City") and Vernon Campbell's (collectively "Defendants") motions to dismiss (Docs. 25 & 30). Plaintiff Timothy Daye Patrick, Jr. filed his response. For the following reasons, the Court grants Johnston City's motion and grants in part and denies in part Campbell's motion.

**Background**

The following are the relevant facts as pleaded by Plaintiff in his Amended Complaint. Plaintiff began working as a police officer for the Johnston City Police Department in June 2012 until his termination on February 20, 2013. Campbell was Plaintiff's direct supervisor and Chief of Police for Johnston City. In October 2012, Campbell informed Plaintiff that Campbell was the subject of an investigation in which he was alleged to have used unreasonable force in making an arrest. At that time, Campbell admitted that he had used unnecessary force in the course of the arrest. Campbell bragged about his use of excessive force in that and future conversations. Thereafter, Plaintiff indicated to Campbell that he would testify against him concerning the excessive force incident if asked to do so.

On February 9, 2013, Campbell struck Plaintiff on his neck and head and grabbed his collar in an attempt to force him to the ground. At that time, Plaintiff told Campbell the incident was captured on the police station's video camera. Thereafter, Campbell destroyed the video containing the incident. Plaintiff was ultimately terminated from him employment on February 20, 2013.

Plaintiff brings the following causes of actions against Defendants: (1) Count I – First Amendment Rights brought pursuant to 42 U.S.C. § 1983 against Campbell and Johnston City; (2) Count II – Battery against Campbell; (3) Count III – Battery against Johnston City; (4) Count IV – Retaliatory Discharge against Johnston City; and (5) Count V – Spoliation of Evidence against Campbell and Johnston City.

Johnston City filed its Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) asking the Court to dismiss Plaintiff's § 1983 (Count I), battery (Count III) and spoliation claims (Count V). Johnston City further asks the Court to dismiss or strike pursuant to Federal Rule of Civil Procedure 12(f) Plaintiff's prayer for punitive damages alleged in Counts III, IV, and V. Campbell filed his Motion to Dismiss and Strike Counts II and V of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) (Doc. 30). In Campbell's motion, he adopts Johnston City's motion with respect to the battery and spoliation of evidence claims.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the

complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

Defendant Johnston City contends that Plaintiff's First Amendment Claim contained in Count I must be dismissed because a municipality cannot be liable under a respondeat superior theory and Plaintiff has failed to allege his rights were violated as the result of Johnston City's policy, custom, or practice.  Johnston City notes that Plaintiff previously argued that Campbell served as final policymaker and thus the city was liable pursuant to *Valentino v. Village of South Chicago Heights*, 575 F.3d 664 (7th Cir. 2009); however, Plaintiff failed to allege facts to support the assertion that Campbell was a policymaker for Johnston City.  In response, Plaintiff maintains that his pleading is sufficient.  However, he would amend his Complaint to allege the termination decision was made by a policymaker.  He further maintains that the decision to terminate an employee is co-extensive with the power to direct municipal policy.

To allege a *Monell* claim against Johnston City, Plaintiff must allege: "(1) the [municipality] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [municipality] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

Plaintiff relies on the third method and contends that Campbell exercised policymaking authority thus making Johnston City liable under *Monell*.

In his Amended Complaint, Plaintiff fails to allege any facts from which the Court could conclude that Campbell exercised final policymaking authority with respect to Plaintiff's termination. In fact, Plaintiff fails to allege that Campbell was the individual that actually terminated his employment. As such, the Court dismisses Plaintiff's section 1983 claim against Johnston City.

Defendant Johnston City next contends that Plaintiff's battery claim set forth in Count III must be dismissed because it is barred by the exclusive remedy provision of the Illinois Workers' Compensation Act, 820 ILCS 305/1. Defendant Campbell adopts Johnston City's motion with respect to the battery claim. In response, Plaintiff argues that the exclusivity rule does not include intentional torts.

The Illinois Workers' Compensation Act provides the exclusive remedy for accidental injuries in the workplace. *Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chi.*, 104 F.3d 1004, 1016 (7th Cir. 1997). "[T]o avoid preemption by the IWCA [a plaintiff] must demonstrate one of the following: (i) the injury was not accidental, (ii) the injury did not arise from her employment, (iii) the injury was not received during the course of her employment, or (iv) the injury is not compensable under the Act." *Id*. Under Illinois law, an "accidental" injury includes an injury that was intentionally inflicted by one employee upon another employee as long as "it was unexpected and unforeseen by the injured party, unless the employer expressly authorized the co-employee to commit the tort." *Id*.

Here, Plaintiff has failed to make any allegations that the alleged battery against him was expressly authorized by Johnston City. As such, the alleged battery was "accidental" with

4

respect to Johnston City and the IWCA is the exclusive remedy. Campbell, however, failed to cite to any authority holding that the IWCA impacts Plaintiff's claim against him. As such, the Court grants Johnston City's motion to the extent it dismisses Plaintiff's battery claim against Johnston City and denies Campbell's motion with respect to the battery claim.

Johnston City next argues that Plaintiff's spoliation of evidence claim contained in Count Five must be dismissed because Plaintiff failed to allege facts supporting the existence of an agreement, contract, statute, special circumstance or voluntary undertaking to preserve evidence in this case sufficient to give rise to a duty to preserve the evidence. Campbell adopts Johnston City's motion with respect to the spoliation of evidence claim. Plaintiff argues that Campbell had a duty to preserve the evidence because Plaintiff told him the video captured the incident and Campbell had to have known it would be useful for future litigation.

Illinois law does not specifically recognize the tort of spoliation of evidence. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007). Rather, Illinois courts analyze spoliation of evidence as an ordinary negligence claim. *Id.* at 510. As such, Plaintiff must allege a duty to protect the evidence allegedly destroyed, a breach of that duty, causation, and damages. *See id*. As a general principle, there is no duty to preserve evidence under Illinois law. *Olivarius v. Tharaldson Prop. Mgmt., Inc.*, 695 F. Supp. 2d 824, 829 (N.D. Ill. 2010) (citing *Boyd v. Travelers Ins. Col.*, 652 N.E.2d 267, 269-70 (Ill. 1995)). A duty to preserve evidence, however, may arise when a plaintiff satisfies both prongs of the following test: "(1) it arises by agreement, contract, statute, special circumstance, or voluntary undertaking (called the 'relationship' prong), and (2) a reasonable person should have foreseen that certain evidence at issue was material to a potential civil action (called the 'foreseeability' prong)." *Olivarius*, 695 F. Supp. 2d at 829 (citing *Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004)).

Under the circumstances alleged in the Amended Complaint, a special duty could not have arisen by agreement, contract, statute, or voluntary undertaking. Accordingly, Plaintiff must allege facts evidencing a "special circumstance" giving rise to a duty to preserve the videotape. Illinois courts have explained that to establish a special circumstance "something more than possession and control are required, such as a request by the plaintiff to preserve the evidence and/or the defendant's segregation of the evidence for the plaintiff's benefit." *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 31 (Ill. 2012).

In his Amended Complaint, Plaintiff alleges he told Campbell that the battery was videotaped. Plaintiff then alleges that "[a]s the Chief of the Johnston City Police Department, Campbell had a duty to preserve rather than destroy evidence which extended to the footage that Campbell destroyed on February 9, 2013" (Doc. 23, p. 12). Plaintiff does not allege that he requested that Campbell preserve the videotape or that Campbell segregated the videotape for Plaintiff's benefit. Plaintiff further fails to cite to any authority imposing upon Johnston City or Campbell the duty to preserve the videotape upon Plaintiff's declaration that a videotape captured a particular incident. As such, the Court grants Johnston City's and Campbell's motions to dismiss to the extent it dismisses the spoliation of evidence claims against them.

Finally, Johnston City argues Plaintiff's prayer for punitive damages in Counts III, IV, and V must be stricken or dismissed because they are barred by 745 ILCS 10/2-102. Plaintiff concedes the merits of Johnston City's Motion to Dismiss in that respect. As such, the Court strikes Plaintiff's prayer for punitive damages against Johnston City in Counts III, IV, and V.

## Conclusion

For the foregoing reasons, the Court

- **GRANTS** Defendant Johnston City's Motion to Dismiss (Doc. 25) to the extent it:

- o **DISMISSES** Plaintiff's section 1983 claim against Johnston City contained in Count I;

- o **DISMISSES** Plaintiff's battery claim against Johnston City contained in Count III;

- o **DISMISSES** Plaintiff's spoliation of evidence claim against Johnston City contained in Count V; and

- o **STRIKES** Plaintiff's prayer for punitive damages against Johnston City in Counts III, IV and V.

- **GRANTS in part and DENIES in part** Defendant Campbell's Motion to Dismiss (Doc. 30) to the extent it:

  - o **DENIES** Campbell's motion with respect to Plaintiff's battery claim contained in Count II; and

  - o **GRANTS** Campbell's motion to the extent it **DISMISSES** the spoliation of evidence claim against Campbell contained in Count V.

**IT IS SO ORDERED.**

**DATED:** December 1, 2014

s/Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**

7