IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY DAYE PATRICK, JR.,

    Plaintiff,

vs.

VERNON CAMPBELL, *in his individual capacity*, and CITY OF JOHNSTON CITY,

    Defendants.

Case No. 14-cv-321-SMY-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Timothy Daye Patrick, Jr.'s Motion to Dismiss Count I with Prejudice and Request that the Case be Remanded to the Williamson County Circuit (Doc. 46). Defendants Vernon Campbell and City of Johnston City ("Johnston City") have responded (Docs. 47 & 49) agreeing with Plaintiff's Motion. For the following reasons, the Court **GRANTS** Plaintiff's motion.

    Plaintiff's Complaint alleged as follows: Count I – First Amendment Rights brought pursuant to 42 U.S.C. § 1983 against Campbell and Johnston City; Count II – Battery against Campbell; Count III – Battery against Johnston City; Count IV – Retaliatory Discharge against Johnston City; and Count V – Spoliation of Evidence against Campbell and Johnston City. The Court previously dismissed Johnston City from Counts I, III, and V and dismissed Campbell from Count V. As such, the only federal claim remaining in the case is Plaintiff's civil rights claim against Campbell alleged in Count I.

    After all federal claims have been dismissed, a district court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. 1367(c)(3). The district court should consider "judicial economy, convenience, fairness, and comity" when

making a decision to remand remaining state-law claims. *Carnegie-Mellon University v. Cohil*, 484 U.S. 343 (1988). The Seventh Circuit has explained that "where a federal claim drops out before trial, a district court should not retain the state claims absent extraordinary circumstances." *Wentzka v. Gellman*, 991 F.2d 423, 425 (7th Cir. 1993). Extraordinary circumstances include a remaining federal defense to a state law claim and when the statute of limitations has run on a state law claim in state court. *Id*.

Here, all parties are in agreement that remand is appropriate. The Court finds no extraordinary circumstances warranting the retention of jurisdiction over Plaintiff's remaining state law claims. As such, the Court remands Plaintiff's state-law claims to the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, for further proceedings

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion (Doc. 46). Specifically, the Court **DISMISSES** Count I **with prejudice** and **REMANDS** the remaining state-law claims to the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, for further proceedings. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 19, 2015

                                                s/ Staci M. Yandle
                                                **STACI M. YANDLE**
                                                **DISTRICT JUDGE**